No. 811

UNGERLEIDER v. EWERS, Rec.

Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 5470.    Decided. May 11, 1925

Judges Mauck, Sayre and Middleton, 4th Dist., sitting.

891. PARTNERSHIP—1. Where no right of action exists against the partnership, none can. exist against an individual as a partner.

2. If one partner is given protection of a statute, another partner should be entitled to the same protection, both being brought into the case by the same pleadings, process and at the same time.

MIDDLETON, J.

This action was instituted in 1921 in the Cuyahoga Common Pleas by Charles Ewers, Receiver of Levering Brothers, against Samuel Ungerleider, doing business as Samuel Ungerleider Company. It was set forth in Ewers' petition that Levering Bros. lost to Ungerleider a large sum of money in the buying and selling of futures in wheat.

It developed on trial, that the company was composed of Ungerleider and one Louis Stark; whereupon Ewers made application for leave to amend his petition to conform to the proof by adding Stark's name as defendant. Leave was further asked to withdraw a juror so that Stark could be served with process and also in order to have the case continued for service. Subsequently the second amended petition was filed against Ungerleider and Stark as partners. The prayer for judgment included also a penalty of $500.

Ungerleider and Stark both filed separate answers pleading that the action was barred by certain statutory limitations and Ungerleider also alleged that the action was barred against the partnership. The case came on for trial the second time in 1924 and Stark upon his motion was dismissed for the reason that the court found that the action was barred by the limitations of the statute in respect to the time in which such an action should be prosecuted. Ungerleider's motion to the same effect was overruled. The jury returned a verdict in favor of Ewers for the amount asked for without interest.

Error was prosecuted to the Court of Appals and Ungerleider contended that the trial court by allowing Ewers to amend his petition and to withdraw a juror for the purpose of making Stark only a party to the proceedings, lost jurisdiction of him as an individual. The Court of Appeals held:

1. It was proper for the court to grant leave to file the second amended petition and withdraw a juror, and the court's action in this behalf is supported both by authority and precedent.

2. The serving of the firm with a summons as a distinct legal entity was in harmony with the doctrine that a partnership may have a distinct legal entity where there is a statutory provision authorizing suits by or against partnerships in their partnership names.

3. It is clear that the action was barred as to Stark and also as against the firm whether considered under 5966, 5967 or 5969 GC.

4. There is no reason why Ungerleider as a partner was not entitled to the protection of the bar if Stark was. Both as partners were brought into the case by the same pleadings, the same process and at the same time.

5. Since Ungerleider could not be held as a partner, when the partnership was no longer liable, a proceeding against him as an individual would be unwarranted because the action was originally instituted against him; but Ewers abandoned that action and chose to proceed against him as a partner with Stark and also the firm as an entity.

6. "If the amended petition appears to have been filed not by way of addition merely to the original petition, but appears also to contain a full embodiment of the plaintiffs case, being on its face a statement of an entire cause of action, and in substance a substitute for the original, the filing of it by plaintiff will be regarded as implying an abandonment of the case made in the original petition, and as selecting this as the pleading on which he founds his suit, and the only petition which the court

is to consider in determining the issues to be tried." Raymond v. Rd. Co., 57 OS. 271.

7. The amended pleading raised directly the question of the firm's liability. The result of the issue thus made was what was equivalent to a finding that there was no partnership liability. Ungerleider's individual liability must rest primarily on the liability of the partnership.

8. If there was no partnership liability there could be no liability as a partner. In other words, if Ewers had no cause of action against the partnership, he had none against Ungerleider.

9. Ungerleider's motion for dismissal should have been sustained.

Judgment reversed and entered for Ungerleider as a partner.

Attorneys—Mooney, Hahn, Loeser & Keough for Ungerleider; L. C. Stilwell, Ezra Brudno and Robt. L. Carr for Ewers; all of Cleveland.